## Phillips v. Phillips' Executor, et al.

(Decided May 21, 1920.)

### Appeal from Pike Circuit Court.

Wills—Construction of—Debts.—Testator devised his stock of merchandise and debts to his son. In a suit construing the will held the word "debts" means only those connected with or pertaining to the mercantile business conducted by testator during his lifetime.

J. J. MOORE for appellant.

CHILDERS & CHILDERS for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

John Phillips was the father of several children. He died testate in 1911. Prior to his death he had, through the execution of deeds and the payment of money to his several children, disposed of the major portion of his property. To his son, Hayes Phillips, he gave the home place, containing about 600 acres. In his will he confirms the prior disposition of his property and disposes of the balance of his estate.

Testator had been engaged with his wife in the mercantile business until her death some years before.

Among the personalty owned by testator was a deposit in bank of $6,000.00, and a note due from H. S. Carter for $800.00.

Two provisions of the will are involved on this appeal as follows:

"I will and bequeath unto my son, Hayes Phillips, all my right and title in merchandise business including all stock of merchandise on hand and debts and the personalty and stock of the home place.

"After paying in full the bequests herein above mentioned I desire and direct that the residue of my personal (estate) shall be divided equally among my heirs *per stirpes* but if any of my children contest this will his or her share shall be forfeited and inure to the benefit of the others."

A controversy having arisen as to the meaning of the word "debts" in the clause first above mentioned the executor filed this suit, seeking a construction of the will and especially of this clause. It is contended by appellant that the word "debts" includes any accounts or evidences of debt due his father's estate, and therefore the Carter note belongs to him. The executor on the other hand contends that "debts" refers only to transactions incident to the mercantile business, and since it is not shown the Carter note had any connection whatever with that business it belongs to the estate and it was his duty, as executor, to collect same and to render a due account thereof, together with other personalty in his hands in his final settlement. The lower court sustained the view of the executor and to reverse said judgment this appeal had been prosecuted.

The word "debts" in the connection in which it is used should perhaps be more properly treated as a debit, that is, as something owed by, not to testator or the business. But since both parties have treated it as a credit or an indebtedness due the estate we will deal with it accordingly.

The new Webster International Dictionary defines "debt" as that which is due from one person to another, whether money, goods or services.

Appellant had received a deed from his father of the home place, and it was testator's manifest purpose in the clause of the will referred to, to give to appellant the personalty and stock on the home place, also the mercantile or merchandise business, including in the latter all accounts and evidences of debt due to or by the busi-

ness. While the will is not punctuated we think it clear that testator intended to give to this son the stock of merchandise on hand, together with all accounts, both of debit and credit, growing out of or pertaining to the conduct of the business. The gift was of the stock or merchandise and debts. The particle "and," as here employed, expresses the relation of addition or connection It signifies that something is to follow in addition to that which precedes. 2 C. J. 1337. Had a comma been substituted for the word "and," the language being "stock of merchandise, debts and the personalty and stock, on the home place," a different question would be presented. The debts are so related to the stock of merchandise by the word "and" as to leave no doubt in our mind that as here used they meant those only as had some relation to the business in which the testator was engaged. It is impossible to treat debts as unrelated to and disconnected with the business without according a like construction to "personalty," as used in said clause. If appellant is entitled to the debts as he terms it he should by a parity of reasoning be given all the personal property. And yet to hold that testator intended to give appellant the personalty would render meaningless and nugatory the concluding provision of the will above quoted. There would then be no personal estate subject to distribution, a result never in the mind of testator. Where possible every clause in a will should be so construed as to give effect thereto.

The personalty referred to was that found on the farm place, none other.

Appellant was not entitled to the Carter note, nor to its proceeds; same should be covered into the general estate and distributed by the executor as other undisposed of personalty in accordance with the provisions of the will.

Satisfied as we are that the chancellor correctly interpreted the will the judgment will be affirmed.